·GEORGE  W.  WHEELER  *vs.*  SARAH  E.  WALL.

The personal estate of an unmarried woman is liable to taxation in this commonwealth,
although by the constitution women are not allowed to vote.

CONTRACT  brought  by the collector of taxes  for the  city of
Worcester, under Gen. Sts. *c.* 12, § 19, to recover taxes assessed
by the city upon the personal estate of the defendant, for the
years 1859, 1860 and 1861.

It was agreed in the superior court that when the above taxes were laid and assessed, the defendant was and still is an unmarried woman, of full age, and otherwise possessed of all the qualifications to entitle her to vote in said city for city, county, state and national officers, except that of sex. She was born in Leicester of American parents, and has lived in Worcester since 1836. She claimed that these taxes cannot be enforced against her, because they were levied and assessed without her consent or the consent of her representatives, against her natural rights, and by officers of the law in whose election she was not permitted to have a voice by vote or otherwise. No other objection was made to the action.

Upon these facts, judgment was rendered in the superior court for the plaintiff, and the defendant appealed to this court.

The defendant, *pro se.*

*W. A. Williams,* for the plaintiff.

BIGELOW, C. J. By the constitution of Massachusetts, *c.* 1, § 1, art. 4, the legislature have power to impose taxes " upon all the inhabitants of and persons resident and estates lying within the said commonwealth." By the laws passed by the legislature, in pursuance of this power and authority, the defendant is liable to taxation, although she is not qualified to vote for the officers by whom the taxes were assessed.

This court, acting under the constitution and bound to support it and maintain its provisions faithfully, cannot declare null and void a statute which has been passed by the legislature in pursuance of an express authority conferred by the constitution

*Judgment affirmed.*